IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHN M. TURNER, JR., SAMUEL A. DI PIAZZA, JR., ZHANNA GOLODRYGA, JOHN D. JOHNS, RUTH ANN MARSHALL, CHARLES D. MCCRARY, JAMES T. PROKOPANKO, LEE J. STYSLINGER, III, JOSE S. SUQUET, TIMOTHY VINES, CAROLYN H. BYRD, DON DEFOSSET, and ERIC C. FAST, | § § § § § § § § § § § § | No. 444, 2025<br><br>Court Below–Court of Chancery of the State of Delaware<br><br>C.A. No. 2023-1284 |
| Defendants Below, Appellants, | § § § § | |
| v. | § § | |
| KATHERINE RICHARDS BREWER, derivatively on behalf of REGIONS FINANCIAL CORPORATION and REGIONS BANK, | § § § § § § § § | |
| Plaintiff Below, Appellee, | § § § | |
| and | § § | |
| REGIONS FINANCIAL CORPORATION and REGIONS BANK, | § § § § § | |
| Nominal Defendants Below, Appellants. | § § § | |

Submitted: October 31, 2025
Decided: December 15, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS,** Justices.

### ORDER

After consideration of the notice of the appeal from an interlocutory order, the supplemental notice of appeal, their exhibits, and the Court of Chancery's order denying the application for certification of an interlocutory appeal, it appears to the Court that:

(1)     The appellants appeal the Court of Chancery's decision denying in part their motion to dismiss the appellee's derivative complaint for failure to plead demand futility and failure to state a claim.  The following background is relevant to the Court of Chancery's decision.  Regions Financial Corporation operates Regions Bank, a mid-sized regional bank.  In November 2019, a whistleblower— Regions' former general counsel—sent a draft complaint to Regions' Board of Directors claiming that he had been fired in part for "blowing the whistle" on Regions' use of illegal and manipulative processing methodologies to increase consumer overdraft fees.   The Board hired an attorney to investigate the whistleblower's claims but did not change its overdraft practices until July 2021.

(2)     In 2020, the Consumer Financial Protection Bureau (the "CFPB") began investigating Regions' overdraft practices.  In 2022, the CFPB found—as set out in a consent order—that Regions had employed manipulative processing methodologies to increase its revenue from overdraft fees over a three-year period

beginning in August 2018 (the "Consent Order"). The CFPB found that Regions "was aware" that its overdraft fee practice was illegal and "could have stopped charging [those] fees sooner," but "continued to charge them for years while it pursued changes to generate alternative fee revenue that would fully offset its expected revenue loss from … eliminating the [overdraft fees]."[1] Regions, which denied wrongdoing, agreed to pay $191 million in fines and penalties under the Consent Order.

(3) A Regions stockholder ("Plaintiff") filed a derivative lawsuit, asserting claims under *In re Caremark International Inc. Derivative Litigation*[2] and *In re Massey Energy Co.,*[3] to recover the $191 million from fiduciaries who, she alleged, caused the bank to adopt and continue the illegal overdraft practices. The defendants moved to dismiss for failure to plead demand futility and failure to state a claim. On September 29, 2025, the Court of Chancery denied the defendants' motion in part, finding that Plaintiff had adequately alleged particularized facts showing that a majority of the members of the Demand Board faced a substantial likelihood of liability under Plaintiff's red-flags theory and, accordingly, demand was excused as futile (the "Opinion").[4] The Court of Chancery therefore denied the defendants'

---

[1] *Brewer v. Turner*, 2025 WL 2769895, at *1 (Del. Ch. Sept. 29, 2025) (quoting the Consent Order).
[2] 698 A.2d 959 (Del. Ch. 1996).
[3] 2011 WL 2176479 (Del. Ch. May 31, 2011).
[4] *Brewer*, 2025 WL 2769895, at *14.

motion as to the defendants who were on the Board during the three-year period of alleged wrongdoing (the "Remaining Defendants").[5]

(4)     On October 9, 2025, the Remaining Defendants asked the Court of Chancery to certify an interlocutory appeal from the Opinion. The Remaining Defendants maintained that the Opinion decided a substantial issue of material importance because it related to the merits of the case and because it decided "what facts a stockholder must allege to plead demand futility on claims that directors breached their duty of loyalty in responding to red flags."[6] The Remaining Defendants also argued that the following Rule 42(b)(iii) factors weighed in favor of granting interlocutory review: the Opinion conflicts with other trial court decisions, interlocutory review could terminate the litigation, and interlocutory review would serve the considerations of justice. The Plaintiff opposed the application.

(5)     On October 30, 2025, the Court of Chancery denied the application.[7] Although the Court of Chancery agreed with the Remaining Defendants that the Opinion had decided substantial issues of material importance—a threshold consideration under Rule 42(b)(i)—the court concluded that the Rule 42(b)(iii)

---

[5] The Court of Chancery granted the defendants' motion to dismiss as to directors who were not on the Board at the time of the alleged wrongdoing and the officer defendants. *Id*. at *14-15.

[6] Notice of Appeal, Ex. B at 7.

[7] *Brewer v. Turner*, 2025 WL 3048942 (Del. Ch. Oct. 30, 2025).

4

factors cited by the Remaining Defendants did not support the certification of an interlocutory appeal. First, the Court of Chancery disagreed with the Remaining Defendants' assertion that the Opinion conflicts with other decisions of the trial court.[8] To the contrary, the court found that the Opinion correctly identified and applied the "plead with particularity" standard for excusing demand under Court of Chancery Rule 23.1 and correctly applied the presumption of good faith owed to a board's actions. The court also noted that the Remaining Defendants did not cite any case in conflict with the Opinion.

(6)     Second, the Court of Chancery observed that interlocutory review would not terminate the litigation because the court, having found the Plaintiff's *Caremark* claim to be viable, had declined to address the merits of the Plaintiff's *Massey* claim—a claim that would warrant "significant" analysis on remand.[9] Finally, the Court of Chancery observed that the Supreme Court has not expressly stated that "[t]o show a substantial likelihood of liability, a plaintiff must meet the Rule 12(b)(6) standard based on particularized facts," and "placing this issue before the Supreme Court *could* be viewed as serving the considerations of justice."[10] Nevertheless, the court concluded that, on balance, the "soft support" of only of the

---

[8] *Id.* at *5 ("The Opinion interpreted the 'have some merit' language of *Rales* [*v. Blasband*, 634 A.2d 927 (Del. 1993)] to require application of the Rule 12(b)(6) standard, albeit based on particularized facts. Many cases of this court have taken the same approach.").

[9] *Id*. at *8.

[10] *Id*. at *9 (emphasis added).

eight Rule 42(b)(iii) factors did not warrant certification of an interlocutory appeal.[11] We agree with the Court of Chancery's conclusion.

(7)    Applications for interlocutory review are addressed to the sound discretion of the Court.[12]  Giving due weight to the Court of Chancery's analysis and in the exercise of our discretion, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b).    Exceptional circumstances that would merit interlocutory review of the Court of Chancery's decision do not exist in this case,[13] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[14]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[11] *Id.*
[12] Del. Supr. Ct. R. 42(d)(v).
[13] Del. Supr. Ct. R. 42(b)(ii).
[14] Del. Supr. Ct. R. 42(b)(iii).